## UNITED STATES v. WONG KEE.

### (District Court, S. D. New York. November 29, 1911.)

ALIENS (§ 32*)—CHINESE PERSONS—SEAMEN—DEPORTATION.

 A Chinese seaman, having been landed and taken to a hospital for medical treatment, after his recovery tried to ship as a seaman, but, being unsuccessful, obtained employment on shore as a laborer. *Held* that, even if the necessity of hospital treatment dispensed with the necessity of his giving a bond to depart within 30 days, he was nevertheless bound to depart within that time after his discharge from the hospital, and, not having done so, was subject to deportation.

 [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 32.*

 What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Deportation proceedings by the United States against Wong Kee. From an order of deportation, defendant appeals. Affirmed.

Henry A. Wise, U. S. Atty., and Roger H. Clarke, Asst. U. S. Atty. James A. Donegan, for defendant.

HOLT, District Judge. The defendant has been ordered to be deported on the ground that he is a Chinese laborer in this country without a certificate. The evidence shows that he was a seaman, and that he was landed and taken to a hospital for medical treatment. He asserts that after his recovery he tried to ship as a seaman, but was unsuccessful, and that thereupon he obtained employment on shore, and has since remained in this country as a laborer.

The regulations governing the admission of Chinese permit the admission of persons whose physical condition requires immediate hospital treatment, and also permit seamen to be discharged or given shore leave, but provides in the latter case that if a seaman is permitted to go on shore a bond shall be given for $500, conditioned for his departure from the country within 30 days. No such bond appears to have been given in this case. Even if the necessity of going to a hospital for medical treatment dispensed with the necessity of such a bond, I think that he was obliged to depart within 30 days after his landing, or at least after his discharge from the hospital, and that, as he has continued in the country from that time, the order for his deportation is correct.

The commissioner's order is affirmed.